UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SOCIAL SERVICES AGENCY, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02440-JCS<br><br>**ORDER TO SHOW CAUSE WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND COMPLAINT SHOULD NOT BE DISMISSED** |

## I.　INTRODUCTION

Plaintiff Jacqueline Williams, pro se, filed an application to proceed in forma pauperis (dkt. 2). For the reasons discussed below, Williams is ORDERED TO SHOW CAUSE why her application should not be denied, by filing a revised application **no later than September 3, 2019**. If Williams does not file an amended application, the undersigned will recommend that the application be denied and that the case be dismissed if Williams does not pay the filing fee.

Williams is also ORDERED TO SHOW CAUSE why her complaint should not be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. Williams shall file a response or amended complaint addressing the deficiencies identified below **no later than September 3, 2019**. If Williams does not file a response or amended complaint resolving those deficiencies, the undersigned will recommend that the case be dismissed.

The case management conference previously set for August 9, 2019 is CONTINUED to **November 1, 2019 at 2:00 PM**. No hearing or conference in this case will occur on August 9, 2019.

## II.　APPLICATION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, "any court of the United States may authorize the commencement

. . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Williams's application to proceed in forma pauperis omits several answers necessary to determine whether Williams can pay the filing fee in this action, including with respect to Question 1, the date Williams was last employed, and with respect to Question 7, whether Williams has a bank account, the balance of any such account, whether Williams owns any cash, and if so, how much. Williams's application also indicates in response to Question 2 that she has received rent payments in the last twelve months, but does not indicate the amount of such payments. Without answers to those questions, the Court cannot determine whether Williams is eligible to proceed without paying the filing fee.

## III. WILLIAMS'S COMPLAINT

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the

complaint must be supported by factual allegations. *Id.* Moreover, although courts generally must accept a plaintiff's factual allegations as true even if they appear to be unlikely, the Supreme Court has made clear that a complaint may be dismissed as "frivolous" under § 1915 where it is based on "fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (superseded by statute on other grounds as recognized in *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). Two of the most common grounds for federal subject matter jurisdiction are "federal question jurisdiction" under 28 U.S.C. § 1331, which allows federal courts to hear claims arising under federal law, and "diversity jurisdiction" under 28 U.S.C. § 1332(a), which allows federal courts to hear claims arising under state law if the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Allegations of Williams's Complaint

Williams's factual allegations read as follows:

5. On and about January of 2019; plaintiff file for hearing concerning food stamp and why Alameda took sixty dollars of Cal-fresh and no one response. Plaintiff ask for another hearing and hearing was granted; plaintiff fax more information to State of State-Health & Human Services Agency; Department of Social Services, State Hearing Division in Sacramento February 12, 2019 to show just ignorance VDIS was or whoever was using defendant name! Plaintiff received letter stated that plaintiff cancel the hearing; plaintiff recollection never cancels the State hearing and plaintiff was very clear.

6. Plaintiff will keep it real and address racist concern; when it comes to the State of California "Hire Help" who call themselves Administrative Law Judge. who have and show malfunction? With attitude toward African-American there nothing stupid nor ignorance about this African-American trust.

7. On and about April of 2019 plaintiff call the Department of Social Services and ask for hearing over the telephone and received denied letter. Plaintiff informs the defendant try to explain why plaintiff wanted hearing. The defendant was rude and cruel and refused to do intake over the telephone. Plaintiff inform the defendant that plaintiff just had another major surgery and the first surgery was February 25, 2019 and the second was March 29, 2019 and plaintiff could not see that well. Defendant put the plaintiff on hold and return and took the intake over the telephone.

8. Plaintiff appointment was on and about April 29, 2019 section 15015 of regulation mean submission of medical claim bill by electronic plaintiff claim was reject that day. Plaintiff has another appointment May 14, 2019 and plaintiff cannot see doctor who did the surgery on plaintiff left eye! plaintiff is very upset with the repeatedly racist profile by the defendant(s) Alameda County Social Service Agency and State of California regulation and the defendant abusive of power of the law!

9. Plaintiff already lost sight around in the outside of the eye; plaintiff is stressful and have migraine headache from defendant(s) alameda County Social Services Agency in the treatment of this African-American female. And refused to provide plaintiff with Medical benefits; plaintiff did recertification for Medical and Cal-fresh and any other document information giving Alameda County Social Services Agency at 2000 San Pablo Ave, Oakland, Ca.

10. Plaintiff repeatedly been to Alameda County Social Services and saw several hires helps employees. plaintiff also notices about notorious Defendant(s) do-not like if plaintiff is being obedience toward defendant(s) there always price to paid! Plaintiff call it "Passion of Hatred of Crime."

According **Fair Hearings; Appeals, DHCS**, and entities acting on behalf of States agencies with regard to Medi-Cal eligibility or benefits (including failure to take action) may be appealed by requesting an administrative law hearing (referred to as a "fair Hearing'). 22Cal Code Regs 5095. If benefits have already been

4

> terminated, the applicant can request that benefits continue during the appeal process, 42 CFR 43l.230(a). Terminated benefits must be reinstated until a hearing decision is rendered if (1) the agency's action occurred without the required advance notice to the applicants. This some of Alameda County Social Services policy for particular race
>
> 11. Plaintiff do-not want another hearing after dealing with State of California defendant(s) **''HIRE HELP"** plaintiff felt like it was **LYNCHING PARTY**; plaintiff is aware of lynching plaintiff is from New Orleans and know **about** KKK from the South their sporting activity lynching African-American man! Plaintiff will not drop this case at all and plaintiff will alert other who needs to know what an ongoing problem in California that deal with Mexican that abuse the system and reporting falsifying information to social security and inform plaintiff to contact the agency..

Compl. (dkt. 1) at 3–4, ¶¶ 6–11. Following those allegations, Williams's complaint recites partial legal standards for "willful misconduct" and "oppression" under California law, and demands relief including $50,000 in compensatory damages, $50,000 in "Oppression Damages," and $75,000 in attorneys' fees. *Id.* at 5. Williams names as defendants: (1) "Alameda County Social Services Agency"; (2) "Luna Chuon, Social Services Agency, Oakland"; and (3) "VDIS, Alameda social Services Agency, Oakland." *Id.* at 2.

### C. Williams's Complaint Fails to State a Federal Claim

Williams's complaint does not clearly assert any basis for federal subject matter jurisdiction. Because Williams is a resident of California suing agencies and an employee of a local government in California, it is unlikely that she can establish diversity jurisdiction under 28 U.S.C. § 1332(a), which applies only where the plaintiff in a case is not a citizen of the same state as any defendant.

The Court therefore likely has jurisdiction, if at all, under § 1331, but Williams identifies no federal law giving rise to any claims. Although the complaint includes references to "lynching" and "attitude toward African-American[s]," there are no factual allegations plausibly supporting a conclusion that any action by Defendants was based on Williams's race in violation of 42 U.S.C. § 1983 or any other federal law. Similarly, while the complaint includes references to Williams's medical issues, Williams does not allege that Defendants discriminated against her based on disability, and includes no factual allegations plausibly supporting such a claim under the Americans with Disabilities Act or any other federal law. The core allegation of the complaint, in

its current form, appears to be that Williams was denied certain benefits under state law. Such denial is not, standing alone, grounds for any claim under federal law. Williams is therefore ORDERED TO SHOW CAUSE why the complaint should not be dismissed for lack of jurisdiction and failure to state a claim, without leave to amend.

## IV. CONCLUSION

For the reasons discussed above, Williams is ORDERED TO SHOW CAUSE why this case should not be dismissed by filing, no later than September 3, 2019 both: (1) an amended application to proceed in forma pauperis; and (2) either an amended complaint or a response arguing why her current complaint is sufficient.

Any amended complaint must include the caption and civil case number used in this order (19-cv-02440) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Williams's original complaint by reference, but instead must include all of the facts and claims Williams wishes to present and all of the defendants she wishes to sue. *See Ferdik*, 963 F.2d at 1262.

Williams, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982, signing up in the appointment book located outside either office, or emailing federalprobonoproject@sfbar.org. Telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation

**IT IS SO ORDERED.**

Dated: August 6, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

6